PUFFER, Executor, Appellant, vs. MERTON and others, Respondents.

*December 5, 1918—January 7, 1919.*

*Partnership: Attorneys at law: Death of one partner: Right of his estate to share in compensation for subsequent work: Contract construed.*

1. The conducting to a conclusion of business in the hands of a law firm at the time of the death of a partner is not simply a winding up of the partnership, but is a continuation of business after the partnership has ceased to exist; and equity does not require that the estate of the deceased partner, which has contributed nothing toward the work of completing such business, should share in the compensation for such work.

2. Upon the death of a partner in a law firm and the purchase by a surviving partner of the tangible property of the estate which had been used in the business, the estate ceased to have any money interest in the business; and there being no contingent-fee cases then in the hands of the firm, but only business held on the usual general retainer basis, the estate was not entitled to any share of the compensation received for work thereafter done.

3. A provision in the partnership agreement of a law firm that "in case of the dissolution of said firm the said N. and J. [members of the firm], or either of them, are to have no interest in the outstanding accounts of said firm," was properly construed to refer to a voluntary dissolution only and not to a dissolution by death of a partner.

APPEAL from a judgment of the circuit court for Waukesha county: CHESTER A. FOWLER, Judge. *Affirmed.*

Action for an accounting between the executor of the will of T. E. Ryan, deceased, and the defendants as surviving partners of the law firm of Ryan, Merton, Newbury & Jacobson. Immediately after the death of Mr. Ryan *Mr. Newbury* purchased from the executor of his estate all the tangible property belonging to it which had been used in the partnership business. The circuit court held that the estate was not entitled to share in the proceeds received for legal services rendered after Mr. Ryan's death, and construed the partnership agreement to entitle Messrs. *Newbury* and *Ja-*

*cobson* to their proportionate interest in the accounts of the firm outstanding at the time of Mr. Ryan's decease. From a judgment entered accordingly the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Grady & Farnsworth* of Portage, and for the respondents on a brief signed by *Miller, Mack & Fairchild* and *Thomas M. Kearney,* all of Milwaukee.

VINJE, J. Broadly stated, plaintiff's claim is that upon the death of Mr. Ryan it became the duty of the surviving partners to conduct all business then in its hands to a conclusion and to permit his estate to receive its proportionate share of the proceeds received for such services. This claim is rested chiefly upon an alleged analogy between the winding up of the affairs of an ordinary mercantile partnership and that of finishing business in the hands of a law firm upon the death of a partner. The analogy, however, does not hold. In a mercantile firm the financial interest or assets of the estate remain to earn or enhance profits. Not so here. *Mr. Newbury* bought the tangible property of the Ryan estate and it had no money interest in the business to earn profits. In a mercantile firm there are usually contracts and other obligations in which the firm has a vested interest and is entitled to enforce, a part of which interest belongs to the estate of the deceased partner. In this case it appears that the firm had on hand no contingent-fee cases, but that all business held by it was on the usual general retainer basis. Its clients could, therefore, dispense with the services of the firm at any time by a payment therefor in full to the date of discharge. Neither can it be said that the conducting to a conclusion of law business on hand at the time of the death of a partner is simply a winding up of the partnership. It is more than that: it is a continuation of business after the partnership has ceased to exist. Often such continuation may require years of hard work for completion. Hence it is not equitable that the estate of a deceased partner which

has contributed nothing toward such work should share in its compensation. *Rowell v. Rowell,* 122 Wis. 1, 99 N. W. 473.

We think the trial court properly construed the partnership agreement to refer to a voluntary dissolution, and not to one by death, where it provided that "in case of the dissolution of said firm the said *Newbury* and *Jacobson,* or either of them, are to have no interest in the outstanding accounts of said firm." Elsewhere in the recitals the partnership agreement speaks of such accounts belonging to Ryan and *Merton.* Ryan and *Merton* were to determine the policy of the partnership. If either of them withdrew, his interest in the partnership must first be offered to the other. They reserved the right to dissolve the partnership at any time. It is quite evident that the senior partners desired to retain the control and interests of the firm as against any voluntary action of the new members, and that voluntary dissolution only, and not dissolution by death, was contemplated as coming within the terms of the partnership agreement.

We have not deemed it necessary to discuss the law applicable to the rights of estates of deceased partners generally in partnership assets or the duties of the surviving partners to wind up the business without expense to the estate, because the facts in this case do not bring it within the general rule. Having reached the conclusion that the trial court was right as to the two matters treated, the balance of plaintiff's contentions fall therewith.

*By the Court.*—Judgment affirmed.